**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **SHAD ST. IVES COLEMAN,** ) | |
| **# 57768-180,** ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:15-CV-2126-G (BH) |
| ) | |
| **EDDY M. MEJIA,** ) | |
|   Warden, FCI-Seagoville, ) | Referred to U.S. Magistrate Judge |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2241, received on June 24, 2015 (doc. 3), should be **DISMISSED** as moot.

**I. BACKGROUND**

Shad St. Ives Coleman (Petitioner), a prisoner who was incarcerated in the Federal Correctional Institution in Seagoville, Texas, (FCI-Seagoville), when he filed his habeas petition, challenges the calculation of credit to his federal sentence by the Bureau of Prisons (BOP) under 28 U.S.C. § 2241. The respondent is Eddie Mejia, the Warden of FCI-Seagoville.

**A.**    **Conviction and Post-judgment Proceedings**

On December 6, 2005, Petitioner was charged by indictment with conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 in No. A-05-CR-238(1) in the United States District Court for the Western District of Texas. (*See* doc. 9 at 3.)[1] On March 1, 2006, he pled guilty, and he was sentenced to 140 months' imprisonment. (*See id.* at 7, 8.)

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

On June 7, 2006, he pled guilty to possession with intent to deliver a controlled substance in case No. 05-1254 in the 277th Judicial District Court of Williamson County, Texas. (*See id*. at 13-14.) He received a sentence of 9 years' imprisonment, to run concurrently with the federal sentence, and he received 255 days of credit for pre-sentence custody. (*See id*.) On April 11, 2008, he was paroled from his state sentence and transferred to the custody of the United States Marshal to begin serving his federal sentence. (*See id*. at 15-17.)

In No. A-05-CR-238(1), Petitioner filed a Motion to Correct Clerical Error and argued that his federal sentence should have been ordered to be served concurrently with his state sentence. (*See id*. at 18.) On July 2, 2009, the Western District Court denied the motion and stated that the Court intended that the federal sentence be served consecutively to the state sentence. (*See id*. at 18-20.)

Petitioner then asked the Bureau of Prisons (BOP) to designate the state prison as an institution to serve his federal sentence, so his federal sentence could be credited with the time he was in custody for the state sentence. (*See id*. at 21-22.) The Western District Court informed BOP that the federal sentence was intended to be served consecutively to the state sentence. (*See id*. at 25.) Petitioner's request was denied by BOP on September 16, 2011. (*See id*. at 24.)

Petitioner sought state habeas corpus relief on his state sentence, alleging that his plea was involuntary because the parties agreed that the state sentence would be served concurrently with the federal sentence, but the federal sentence was being served consecutively to the state sentence. (*See id*. at 28-29.) The Texas Court of Criminal Appeals granted habeas relief on September 12, 2012 (*see id*. at 39), and the state criminal case was dismissed on the State's motion on August 12, 2013 (*see id*. at 40).

Petitioner moved for a reduction of his federal sentence under the 2014 amendments to the United States Sentencing Guidelines, his motion was granted on January 16, 2015, and he was re-sentenced to 120 months' imprisonment. (*See id*. at 41.) The re-sentencing was to be effective on November 2, 2015. (*See id*.)

On July 21, 2015, after Petitioner filed his habeas petition, BOP recalculated his federal sentence, and he received 928 days of credit for prior custody from September 26, 2005, through April 10, 2008. (*See id*. at 44-45.) Based on his time in custody on his federal sentence and credit for prior custody, Petitioner was eligible for release on November 2, 2015, which was the day the 120-month sentence took effect. (*See id*. at 44.) Petitioner was released on November 2, 2015. *See* www.bop.gov (inmate locator, search for Petitioner).

**B.** **Substantive Claim**

Petitioner claims that his federal sentence should be credited with the time he was in custody from September 26, 2005, to April 10, 2008. (*See* doc. 3 at 6.)

## II. MOOTNESS

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id*. at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). An inmate's challenge to the validity of her incarceration becomes moot upon her release unless she can demonstrate some "collateral consequence" that persists beyond the expiration of the sentence. While courts have presumed that a wrongful conviction has continuing collateral consequences, where a former inmate does not challenge her conviction, a collateral consequence must be demonstrated. *Spencer*, 523 U.S. at 7-8.

Petitioner has received the credit he seeks from September 26, 2005, to April 10, 2008 (*see* doc. 9 at 45), and he has been released. Because he has received the relief he seeks, his claim is moot. *See Kelly v. Joslin*, 202 F. App'x 805, 805-06 (5th Cir. 2006) (citing *McRae v. Hogan*, 576 F.2d 615, 616-17 (5th Cir. 1978) (section 2241 claim was moot where the petitioner received the relief requested).

### III. RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2241 should be **DISMISSED** as moot.

**SIGNED this 26th day of May, 2017.**

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE